MARIA L. BOERMAN, Complainant,

*v.*

AMELIA MARRERO ET AL., Dfts.

San Juan, Equity, No. 1227.

Opinion filed June 27, 1923.

*Honorable Peter J. Hamilton* for complainant.

*Mr. Jose Tous Soto* and *Mr. R. V. Perez-Marchand,* appearing specially as attorneys for certain defendants.

ODLIN, Judge, delivered the following opinion:

Upon reading the return filed June 11, 1923, by the solicitors who appeared specially for five of the defendants in the above-entitled cause, the other defendants not being served, it appeared at the outset that a question of fact arose as to the domicil of the complainant. The bill alleged that the complainant had her domicil in the state of New York. This court could not have jurisdiction if the complainant had her domicil in Porto Rico, and the return set forth the claim that the complainant actually does have her domicil in Porto Rico. I therefore deemed it not only wise but necessary that this question of fact should be determined first. Thereupon the complainant was sworn and examined by her own counsel, and also by Mr. R. V. Perez-Marchand, appearing specially for five of the defendants. At the conclusion of this testimony it seemed clear to me that the domicil of the complainant is in the state of New York, because her presence in Porto Rico at this time and for some time past rests wholly upon this litigation.

The bill in this case was originally filed by Maria L. Boer-

man, not only in her capacity as executrix and administratrix of the estate of her deceased husband, Charles M. Boerman, but also in her individual capacity as legatee under his will. Upon the application of her counsel, the Honorable Peter J. Hamilton, all allegations in the bill to the effect that she was bringing this suit individually as legatee were deemed eliminated, and thereupon the hearing proceeded on behalf of Maria L. Boerman in her capacity as executrix and administratrix aforesaid, and not otherwise.

I then proceeded to consider the other points raised in the special answer of the five defendants. As a result of the argument of the counsel for the complainant, and due to certain admissions made by him, I was obliged to reach the conclusion that I could not entertain the present proceeding. Judge Hamilton in his oral argument admitted that the judgment of the Insular district court at Ponce was originally rendered by Insular District Judge Sepulveda on the 20th of December, 1917; that this judgment was in favor of Amelia Marrero, who is the first person named as a defendant in the bill now before me; it was also admitted that this Ponce judgment was against Maria D. Fordham, described therein as the widow of Charles M. Boerman; and it was further admitted that although the name of the widow appears in the Ponce judgment as Maria D. Fordham, whereas her name as complainant in the bill now pending before this court appears as Maria L. Boerman, that the two names represent one and the same person. It was also admitted by the counsel for this lady that she, being dissatisfied with the Ponce judgment and believing the the same to be utterly illegal, null, and void, appealed therefrom to the supreme court of Porto Rico, and that the Ponce

judgment was affirmed by the supreme court of Porto Rico, the opinion written by the Hon. Conrado Hermandez, who was then the chief justice, the other four judges concurring, the opinion having been rendered on July 21, 1919, and reported in vol. 27 of the reports of the Porto Rico supreme court at page 649.

The said Maria D. Fordham, who now sues under the name of Maria L. Boerman, being dissatisfied with the decision rendered by the supreme court of Porto Rico, carried the case by appeal to the circuit court of appeals at Boston, and a decision was rendered by that court on May 12, 1921. The court last named (being the court of last resort) affirmed the decision of the supreme court of Porto Rico, and the opinion of the Boston court will be found in 273 Fed. at page 61, which decision affirmed the judgment of the supreme court of Porto Rico.

It is insisted, however, by the attorney for this widow that, inasmuch as the judgment rendered at Ponce and afterwards affirmed at San Juan and at Boston was against Maria D. Fordham, the widow of Boerman, in her individual capacity, the same cannot operate as res judicata and does not prevent her from attacking said Ponce judgment in her capacity as executrix and administratrix under the will of her deceased husband.

Of course there is a very serious question of jurisdiction of a different nature involved in this case, and this objection rests upon the provision of § 265 of the Judicial Code as amended to September, 1922, and which is found on page 628 of the 2d edition of the recent important book by Judge Rose on Federal Jurisdiction & Procedure. This section provides as follows: "The writ of injunction shall not be granted by any

court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." [36 Stat. at L. 1162, chap. 231, Comp. Stat. § 1242, 5 Fed. Stat. Anno. 2d ed. p. 959.]

My examination of the decision shows that in a few cases United States district judges have been upheld in issuing writs of injunction to stay proceedings in state courts, other than in bankruptcy proceedings. And I may say that there would be great doubt in my mind as to whether I would have jurisdiction to entertain the present bill, aside from the question of res judicata. But it is so clear to me that the present complainant is absolutely barred from attacking said judgment at Ponce that I prefer to rest my decision upon that ground alone.

Judge Hamilton argues with great ingenuity and force that Maria L. Boerman in her capacity as executrix and administratrix is a different person, speaking judicially, from Maria L. Boerman or Maria D. Fordham in her capacity as legatee under the will. In other words, Judge Hamilton insists that the mere fact that she lost litigation that had been brought against her as an individual does not operate to prevent her from relitigating this same old judgment at Ponce in her original or representative capacity. To this view I cannot accede. Her counsel insists that the judgment at Ponce was utterly null and void. But the trouble is that it has been affirmed by the five judges of the supreme court of Porto Rico and by the three judges of the circuit court of appeals at Boston; and that these decisions were in proceedings brought by this same lady as legatee or as an individual.

I therefore conclude that she is barred from relitigating this

Ponce judgment in any way, and the bill is dismissed with costs. Of course it naturally follows that the rule to show cause is discharged, and the temporary restraining order heretofore issued is dissolved.

To this order and opinion counsel for the complainant excepts.

Done and ordered in open court at San Juan, Porto Rico, this 27th day of June, 1923.